**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael BOROSTOWSKI, Defendant–Appellant.**

No. 02–3763.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 2003.

Decided July 31, 2003.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

## ORDER

Michael Borostowski pleaded guilty without benefit of a plea agreement to possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B), and was sentenced to 57 months' imprisonment and three years' supervised release. He appeals his sentence, arguing that the sentencing court should not have applied the cross-reference contained in U.S.S.G. § 2G2.4(c)(2). That cross-reference mandates that when a defendant not only possesses but also traffics in child pornography, courts should apply § 2G2.2, which deals with trafficking and contains a higher base offense level than § 2G2.4, the guideline usually applied in possession cases. Because we are of the opinion that the district court did not commit clear error when it found that Borostowski distributed child pornography, we affirm.

Sometime in 2001, the FBI began investigating an internet E-group named "Candyman." An E-group is essentially a dedicated space on the Internet, where members can chat and post information about the proclaimed subject of the group. Candyman described itself as a group "for people who love kids." The FBI investigation revealed that it was really for people who engaged or participated in child pornography. (PSR at 3–4.)

Borostowski was a member of Candyman, a fact the FBI learned during its investigation and which ultimately led to his being charged with possessing over 100 images of child pornography stored on his sister's computer and in a web-server account. After he pleaded guilty to the possession charge, the district court ordered the probation department to prepare a Pre–Sentence Report ("PSR"). In determining Borostowski's base offense level under the sentencing guidelines, the PSR recommended that the court initiate its calculations with § 2G2.4, the guideline specifically addressing possession of child pornography, and thereafter apply the cross-reference from § 2G2.4(c)(2) to

§ 2G2.2, which addresses trafficking in child pornography. The PSR recommended this cross-reference because according to two FBI interrogation reports Borostowski had admitted that on three or four occasions he distributed child pornography over the Internet. (*Id.* at 4–6.)

Once Borostowski objected to this recommendation, the district court held a sentencing hearing on the issue. Special Agent Robert Brown testified and explained that he interviewed Borostowski for fifteen or twenty minutes in March 2002. (Sent. Tr. at 16.) According to Brown, Borostowski admitted to having e-mailed child pornography to others on three or four occasions in the preceding year. Brown also testified about a second FBI interview with Borostowski, conducted a week later by another agent. Borostowski repeated his admission during this second interview, adding the detail that on the three or four occasions he distributed child pornography he had obtained it from one E-group and then mass e-mailed it to all the members of another. (*Id.* at 9–12.)

The district court found that Borostowski's admissions were sufficient to support the application of the cross-reference contained in § 2G2.4(c)(2). In calculating Borostowski's offense level, the court started with a base of 17 rather than 15. *Compare* U.S.S.G. § 2G2.2(a) *with* U.S.S.G. § 2G2.4(a). After other calculations not relevant here, Borostowki's offense level total was 24, which, coupled with his Category II criminal history, resulted in a sentencing range of 57 to 71 months' imprisonment. Because the statutory maximum term of imprisonment for Borostowski's offense is five years, his actual imprisonment range was 57 to 60 months.

On appeal Borostowski argues that the evidence of his having mass e-mailed child pornography over the Internet on three or four occasions during 2001 is insufficient to support the district court's application of § 2G2.4(c)(2). He contends that, before § 2G2.4(c)(2) could be applied, the government needed to do a forensic analysis of his computer to identify exactly which pictures he e-mailed and whether they were indeed child pornography. These extra steps were necessary, asserts Borostowski, because it is possible that the pictures he distributed over the Internet were not in fact child pornography, even though the reports from his two FBI interrogations described them as such.

Borostowski's argument is essentially an attack on the sufficiency of the evidence supporting the district court's factual finding that he trafficked in child pornography. We review such attacks for clear error, *see United States v. Sumner,* 325 F.3d 884, 890 (7th Cir.2003), meaning that we will not reverse where there are two possible views of the evidence, *United States v. McClinton,* 135 F.3d 1178, 1191 (7th Cir. 1998). Given that standard, Borostowski's argument is self-refuting. It is *possible* that when he admitted to distributing "child pornography" he was actually referring to pornography depicting adults who looked like children, or simple adult pornography, or even perhaps digitally created child pornography, all of which is legal. *See generally Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). But it is also possible that he meant what the FBI reports say he said, and did in fact choose to distribute some of his 100 or so images of true child pornography. The district court was entitled to choose between these two possibilities, and Borostowski on appeal has presented neither evidence nor argument that persuades us to second-guess the district court's determination that Borostowski distributed images of true child pornography over the internet.

Furthermore, the district court did not err in crediting the PSR and Brown's report of Borostowski's two confessions, even in the absence of independent evidence corroborating those confessions. *See Sumner*, 325 F.3d at 890 (court could credit defendant's admissions to officer even if uncorroborated); *United States v. Galbraith*, 200 F.3d 1006, 1012 (7th Cir.2000). *See also United States v. Johnson*, 221 F.3d 83, 98 (2d Cir.2000) (defendants admission to sending and receiving child pornography supported application of § 2G2.4(c)(2)). If Borostowski wished to challenge either the PSR or Brown's testimony, he had the burden of producing at least some evidence demonstrating that they were unreliable or inaccurate. *Id.* He failed to sustain that burden. Borostowski's counsel suggested through cross-examination that Brown had not defined what he meant by "child pornography" when he queried Borostowski as to whether he had ever distributed it. But Brown rejoined that he had asked Borostowski whether he had ever distributed pictures depicting pre-pubescent children, and that Borostowski had answered affirmatively. Borostowski has never argued that he owned or distributed anything other than pornographic pictures of pre-pubescent children. Thus, the record is barren of any evidence that Borostowski's confessions were based on any miscommunications between him and his interrogators such that their reliability could be called into question.

Borostowski cites to *United States v. Boyd*, 312 F.3d 213, 219 (6th Cir.2002), to support his contention that § 2G2.4(c)(2) should not have been applied to his case. In that case, a divided panel of the Sixth Circuit reversed a district court's application of the cross-reference because it was impossible to discern the nature of the material that the defendant distributed. The defendant's computer contained both pornographic and non-pornographic images of children, and while the defendant had admitted to distributing "pornographic child pornography," the Sixth Circuit termed that admission a "conclusory description" rather than evidence. (*Id.*) Here, by contrast, there is not a shred of evidence that Borostowski possessed images of children that might be termed non-pornographic; thus there is no possibility of confusion over what he distributed. All the evidence in the record–that is, the two FBI reports and Brown's testimony–suggests that Borostowski possessed only pornographic pictures of pre-pubescent children.

We therefore AFFIRM the district court's application of § 2G2.4(c)(2).